UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-22431

ISABEL OSORIO

      Plaintiff,

v.

SGS NORTH AMERICA, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, ISABEL OSORIO ("OSORIO"), by and through her undersigned attorney, sues Defendant, SGS NORTH AMERICA, INC. ("SGS"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages, declaratory, and injunctive relief by OSORIO against SGS for sex (pregnancy) discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA"); for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the FCRA; for unlawful retaliation under Florida's Workers Compensation Retaliation Law, Florida Statutes § 440.205; and for a violation of the Family and Medical Leave Act ("FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Title VII, the ADA, and the FMLA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant does business within this judicial district, Plaintiff worked for Defendant in this judicial district and a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. OSORIO is a female, *sui juris* and, at all times material to this action, was a resident of Miami-Dade County, Florida.

5. Defendant, SGS, is a foreign corporation with its principle office on Rutherford, New Jersey. At all times material, OSORIO worked from her home in Miami-Dade County, Florida.

6. OSORIO was an employee of SGS as that term is defined under Title VII, the FCRA, the ADA, and the FMLA.

7. SGS was OSORIO's employer as that term is defined under Title VII, the FCRA, the ADA, and the FMLA.

8. OSORIO has complied with all conditions precedent to jurisdiction under Title VII, the FCRA, and the ADA in that she filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; OSORIO has filed this suit within 90 days of receiving a Notice of Right to Sue from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR has not issued a determination in that time period; and OSORIO is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of OSORIO's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2, respectfully.

## GENERAL ALLEGATIONS

9. OSORIO began working for SGS on August 14, 2017 as the Lead Medical Device Auditor.

10. OSORIO remained as a Lead Medical Device Auditor throughout her employment, and, in June 2019, she received a promotion to also become a Training Manager.

11. After her promotion, OSORIO was responsible for SGS's onboarding process for new hires while also working as a lead auditor performing on-site and off-site certification and surveillance audits.

12. OSORIO worked from home throughout her employment. Her job required a lot of travel to perform on-site audits; however, audits were and could be conducted remotely as well.

13. OSORIO never received any disciplinary action or negative performance reviews until the final months of her employment with SGS.

14. On June 28, 2019, two (2) weeks after receiving a promotion to become a Training Manager, OSORIO found out she was pregnant.

15. OSORIO's physician ordered her not to fly until her first trimester was over as frequent flying can have an adverse effect on early pregnancies.

16. OSORIO disclosed her pregnancy to her supervisor, Joseph Jones, Technical Director Medical Devices NAM, and informed him of her no-fly restriction and need for accommodation.

17. Mr. Jones was upset by OSORIO's request and initially told her SGS could not accommodate her request; however, because there were only six (6) weeks left in the first trimester, Mr. Jones ultimately agreed to the no-fly accommodation.

18. OSORIO also informed the Human Resources Director, Damarys Reyes, of her pregnancy and need for accommodation.

19. Mr. Reyes agreed to accommodate OSORIO's request and assigned her audits that could be conducted remotely.

20. In August 2019, after the completion of her first trimester, OSORIO was cleared to fly and it appeared that she would be able to, for the most part, return to normal Performance of her job duties.

3

21. On August 16, 2019, however, OSORIO was involved in an accident during work hours while traveling to an audit wherein she significantly damaged her left ankle.

22. Because she was pregnant, the Worker's Compensation doctor and OSORIO's OB-GYN agreed she should not take any pain medications, anti-inflammatory medications, or steroids for the ankle injury.

23. Left to endure the pain without medication, OSORIO'S blood pressure rose and she was prescribed blood pressure medication which delayed the healing of her ankle as the medication caused her hands and feet to swell.

24. Consequently, OSORIO was required to sit for extended periods of time, which raised concerns about possible blood clots.

25. OSORIO's pregnancy was then classified as high risk and she was placed under a preeclampsia watch, which, in turn, significantly increased OSORIO's doctor visits.

26. OSORIO regularly updated SGS on her medical status, though she was advised that pregnancy related issues were outside the scope of her worker's compensation injury.

27. During September and October 2019, OSORIO was suffering negative side effects from her pregnancy and her health continued to decline.

28. OSORIO's physician directed her to restrict her activities to sedentary job functions given that her pregnancy was now considered high-risk and was told her ankle would not fully heal until the baby was born.

29. In or around September and October 2019, OSORIO advised SGS of the status of her declining health and, thereafter, it became increasingly clear that SGS was looking for reasons to terminate her employment.

30. Specifically, in October 2019, OSORIO was told for the first time that her performance was subpar and was ordered to provide progress reports.

31. While she strongly disagreed with SGS's opinion as to her performance, OSORIO complied with SGS's requests and worked two weeks straight without any issues.

32. On October 26, 2019, OSORIO underwent her next review, at which time she was told she was being placed on a Performance Improvement Plan ("PIP") for an indefinite period of time without explanation.

33. OSORIO completed the tasks assigned to her and did so two days ahead of her next scheduled review meeting.

34. Thereafter, OSORIO was provided with additional tasks that were also timely completed.

35. On November 11, 2019, without any warning or notice, OSORIO was informed that her employment was terminated for purportedly violating SGS's Code of Conduct for allegedly actively seeking consulting work.

36. OSORIO had never engaged in any consulting work during her employment with SGS.

37. In December 2018, nearly a year before her termination, OSORIO created an entity called MDR Consultants.

38. At the time she created MDR Consultants, OSORIO notified her supervisor, Mr. Jones, that she had done so and that she would not be doing any consulting work through MDR Consultants while she is employed by SGS, and he did not take issue with this.

39. But for OSORIO becoming pregnant, requesting accommodations related to her pregnancy, and becoming injured and filing a claim for worker's compensation benefits, she would not have been terminated.

40. Plaintiff has retained the undersigned attorney to represent her in this action and is obligated to pay her attorney a reasonable fee for his services.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035• Web: gallup-law.com

## COUNT I
## VIOLATION OF TITLE VII - SEX (PREGNANCY) DISCRIMINATION

41. This is an action for discrimination based upon sex (pregnancy) under Title VII.

42. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the allegations herein by this reference.

43. Defendant violated Title VII by discriminating against Plaintiff based upon her sex (pregnancy) and pregnancy-related conditions by placing her on a Performance Improvement Plan and terminating her employment.

44. But for her pregnancy and pregnancy-related conditions, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

45. Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

46. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

a. Order Defendant, SGS NORTH AMERICA, INC. to remedy the pregnancy discrimination of Plaintiff by:

    i. Paying appropriate back pay;

    ii. Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

    v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

## COUNT II
## VIOLATION OF THE FCRA – SEX (PREGNANCY) DISCRIMINATION

47. This is an action for discrimination based upon sex (pregnancy) under the FCRA.

48. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the allegations herein by this reference.

49. Defendant violated the FCRA by discriminating against Plaintiff based upon her sex (pregnancy) and pregnancy-related conditions by placing her on a Performance Improvement Plan and terminating her employment.

50. But for her sex (pregnancy) and pregnancy-related conditions, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

51. Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

52. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

    a. Order Defendant, SGS NORTH AMERICA, INC. to remedy the pregnancy discrimination of Plaintiff by:

        i. Paying appropriate back pay;

        ii. Paying prejudgment and post-judgment interest;

        iii. Paying front pay in lieu of reinstatement;

        iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

        v. Providing any other relief that is appropriate.

    b. Enter an order against Defendant for compensatory damages;

    c. Enter an order against Defendant for punitive damages;

    d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the FCRA.

## COUNT III
## VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

53. This is an action for disability discrimination under the ADA.

54. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

55. Plaintiff was a disabled person or perceived to be a disabled person as a result of her high-risk pregnancy and ankle injury.

56. Defendant violated the ADA by placing Plaintiff on a Performance Improvement Plan and terminating her employment because of her disabilities and need for accommodations.

57. But for her disabilities and need for accommodations, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

58. Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

59. As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

a. Order Defendant, SGS NORTH AMERICA, INC. to remedy the disability discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

    d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT IV
## VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

60. This is an action for disability discrimination under the FCRA.

61. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

62. Plaintiff was a disabled person or perceived to be a disabled person as a result of her high-risk pregnancy and ankle injury.

63. Defendant violated the FCRA by placing Plaintiff on a Performance Improvement Plan and terminating her employment because of her disabilities and need for accommodations.

64. But for her disabilities and need for accommodations, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

65. Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

66. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

    b. Order Defendant, SGS NORTH AMERICA, INC. to remedy the disability discrimination of Plaintiff by:

        i. Paying appropriate back pay;

        ii. Paying prejudgment and post-judgment interest;

        iii. Paying front pay in lieu of reinstatement;

        iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

        v. Providing any other relief that is appropriate.

    e. Enter an order against Defendant for compensatory damages;

    f. Enter an order against Defendant for punitive damages;

g. Enter an order against Defendant for Plaintiff's attorney's fees and costs.

## COUNT V
## VIOLATION OF THE ADA – RETALIATION

67. This is an action for retaliation under the ADA.

68. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

69. Plaintiff was a disabled person or perceived to be a disabled person as a result of her high-risk pregnancy and ankle injury.

70. Plaintiff was placed on a Performance Improvement Plan and terminated from her employment because she sought reasonable accommodations for her disabilities.

71. Defendant violated the ADA by terminating Plaintiff's employment because she sought reasonable accommodations for her disabilities

72. But for seeking reasonable accommodations, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

73. Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

74. As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

c. Order Defendant, SGS NORTH AMERICA, INC. to remedy the disability retaliation of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

   v. Providing any other relief that is appropriate.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

    h.  Enter an order against Defendant for compensatory damages;

    i.  Enter an order against Defendant for punitive damages;

    j.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT VI
## VIOLATION OF THE FCRA – RETALIATION

75.    This is an action for retaliation under the FCRA.

76.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

77.    Plaintiff was a disabled person or perceived to be a disabled person as a result of her high-risk pregnancy and ankle injury.

78.    Plaintiff was placed on a Performance Improvement Plan and terminated from her employment because she sought reasonable accommodations for her disabilities.

79.    Defendant violated the FCRA by terminating Plaintiff's employment because she sought reasonable accommodations for her disabilities

80.    But for seeking reasonable accommodations, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

81.    Defendant's stated reason for placing Plaintiff on a Performance Improvement Plan and terminating her employment is pretextual.

82.    As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ISABEL OSORIO, prays that this Court will:

    a.  Order Defendant, SGS NORTH AMERICA, INC. to remedy the disability retaliation of Plaintiff by:

        i.  Paying appropriate back pay;

        ii.  Paying prejudgment and post-judgment interest;

      iii. Paying front pay in lieu of reinstatement;

      iv. Paying for lost benefits including medical insurance, pension, and retirement Plan;

      v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees.

## COUNT VII
## WORKER'S COMPENSATION RETALIATION

83. This is an action for retaliation under Fla. Stat. § 440.205.

84. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

85. Plaintiff filed a valid worker's compensation claim against Defendant.

86. Defendant took retaliatory adverse action against Plaintiff by terminating her employment because of her valid worker's compensation claim.

87. A causal link exists between the Plaintiff's protected conduct of claiming worker's compensation benefits and the adverse employment action taken by the Defendant in terminating her employment.

88. As a result of the Defendant's retaliatory actions, Plaintiff has suffered damages/

WHEREFORE, Plaintiff, ISABEL OSORIO, demands relief against Defendant, SGS NORTH AMERICA, INC. in the form of economic damages, and the value of any lost benefits, with interest thereon; non-pecuniary compensatory damages, including, but not limited to, damages for mental anguish, punitive damages, and any other such relief that the Court deems just and proper.

## COUNT VIII
## VIOLATION OF FMLA – INTERFERENCE

89. This is an action for interference under the FMLA.

90. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-40 and incorporates the same herein by this reference.

91. Plaintiff was an eligible employee of Defendant as defined by Section 2611 (2) (A) of the FMLA when she notified Defendant of her pregnancy.

92. Defendant was Plaintiff's employer pursuant to the FMLA when she notified Defendant that she was pregnant, which would qualify her for leave time and benefits under the FMLA.

93. Defendant violated Section 2615 of the FMLA by interfering with Plaintiff's rights under the FMLA, to wit Defendant terminated her employment rather than allowing Plaintiff to exercise her lawful rights under the FMLA.

94. With regard to the unlawful interference described above, Defendant acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

95. As a direct and proximate result of the actions of Defendant, Plaintiff has suffered damages including lost wages, benefits and other compensation and interest thereon.

96. Moreover, Plaintiff is entitled to recover liquidated damages pursuant to Section 2617 (a) (1) (A) and her attorneys' fees and court costs pursuant to Section 2617 (a) (3).

## DEMAND FOR JURY TRIAL

Plaintiff, ISABEL OSORIO, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

Dated this 12th day of June 2020.

                                              Respectfully submitted,

                                              **GALLUP AUERBACH**
                                              *Counsel for Plaintiff*
                                              4000 Hollywood Boulevard
                                              Presidential Circle-Suite 265 South
                                              Hollywood, Florida 33021
                                              Telephone:	(954) 894-3035
                                              Facsimile:	(954) 894-8015
                                              E-mail:	dgallup@gallup-law.com

                                              By:	*/s/ Dana M. Gallup*
                                                      DANA M. GALLUP
                                                      Florida Bar No.: 0949329